**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen L. Becker,<br><br>    Plaintiff,<br><br>vs.<br><br>Graham County Community College District, *et al.*,<br><br>    Defendants. | No. CIV 24-068-TUC-CKJ<br><br>**ORDER**<br><br>DEADLINES<br>Discovery:                    8/18/25<br>Dispositive Motion:         10/3/25<br>Pre-Trial Statement/Proposed Order: 11/7/25 |

      Pending before the Court is the Motion to Extend Scheduling Order Deadlines (Doc. 37) filed by Plaintiff Kristen L. Becker ("Becker"). Defendant Graham County Community College District, aka Eastern Arizona College ("EAC") has filed a response (Doc. 39) and Becker has filed a reply (Doc. 40).

      Counsel for Becker states she has recently assumed responsibility for handling this matter and needs additional time to complete fact discovery.[1] Counsel asserts that Becker should not be punished by the unexpected departure of prior counsel; other than assisting in scheduling, counsel indicates she was not previously involved in this case.

      Counsel asserts Becker's deposition was taken on May 1, 2025, where it was revealed EAC have unproduced emails in their custody. Becker asserts it was this prior lack of disclosure by EAC which has necessitated Becker's need to request the documents. Further, the only date provided by the defense for the deposition of defense witness Kenny Smith ("Smith") is a May date on which counsel is unavailable. Lastly, counsel asserts she will

---

[1] Counsel filed a Notice of Appearance on March 30, 2025.

be in trial on another matter from May 21, 2025, through May 30, 2025; counsel asserts EAC has been aware this trial date made a Smith deposition in May to be implausible.

Becker asserts previous extensions were the result of issues belonging to both parties. For example, Becker's previous counsel left the firm, resulting in the unexpected need to consider the schedules of the firm's other attorneys and EAC's request to reschedule Becker's deposition to allow for receipt of discovery responses prior to the deposition. Further, Becker's counsel asserts that one day after her Notice of Appearance, she served discovery documents and served additional discovery documents less than two weeks later.

Becker argues the Fed.R.Civ.P. 6(b)(1) good cause standard is to be liberally applied to "effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *see also Franklin v. Jimenez*, 586 F. App'x 435, 436 (9th Cir. 2014).

EAC asserts Becker is seeking a "last minute" extension request and has not diligently pursued discovery in this case. EAC also points our Becker has not complied with this Court's Order regarding extensions of the discovery deadline:

> The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. See Federal Rule 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

August 8, 2024, Order (Doc. 20, p. 6). Specifically, EAC asserts Becker has not detailed what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

Regarding the status of discovery, EAC states the parties have exchanged initial and supplemental disclosure statements, EAC has served, and Becker has responded to, written discovery requests, and EAC has deposed Becker. Additionally, when EAC proposed a date for the deposition of Smith, Becker responded she was not available, but did not propose any alternate dates. However, counsel for Becker stated in an April 28, 2025, email her

interest in discussing availability on May 1, 2025, at the time of Becker's deposition; additionally, although an April 23, 2025 email requested *dates* of availability, EAC proposed only one date of availability. The response indicates EAC agrees to schedule Becker's deposition, but objects to a wholesale extension of discovery deadline. EAC also states Becker has not served any written discovery or taken any depositions; in fact, with the exception of Smith, Becker has not attempted to schedule any depositions.

EAC points out that Becker's extension request is "the first time since this matter was filed that Plaintiff has indicated that she may serve written discovery requests." Response (Doc. 39, p. 2). EAC argues Becker does not indicate what discovery she intends to propound, Becker does not offer any reason why written discovery was not served earlier, and Becker's reasons as to why discovery has not been completed within the deadline are insufficient to constitute good cause.

Further, although counsel for Becker submitted her Notice of Appearance on March 20, 2025, EAC asserts counsel's firm has been counsel of record since this litigation began and counsel has been active in the case since early January. *See* Jan.10, 2025, Email, Response, Ex. 2 (Doc. 39-1). EAC also points out that it had previously agreed to an extension, Jan. 14, 2025, Stipulation (Doc. 30) and that the trial referenced by Becker's counsel is *after* the discovery deadline of May 9, 2025, Jan. 15, 2025, Order (Doc. 31). EAC asserts good cause has not been shown.

As summarized by another district court:

> The Advisory Committee Notes to Rule 16 explain that the "[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes to 1983 amendment.
>
> In determining whether a party has been diligent under Rule 16's "good cause" standard, courts within the Ninth Circuit ask whether the moving party has shown the following three factors: (1) diligence in helping the Court create a workable Rule 16 order; (2) noncompliance with a Rule 16 deadline occurred or will occur, despite the moving party's diligent efforts to comply, because of the development of matters not reasonably foreseeable or anticipated at the time of the Rule 16 scheduling conference; and (3) diligence in seeking amendment of the Rule 16 order, once it was apparent the moving party could not comply with the scheduling order.

*ISA Plus, LLC v. Prehired LLC*, No. 3:22-CV-01211-JAH-JLB, 2024 WL 4403706, at *1 (S.D. Cal. Oct. 3, 2024), *citations omitted*.

Indeed, the "[p]arties must 'diligently attempt to adhere to [the] schedule throughout the subsequent course of the litigation.'" *Trejo v. City of Shafter*, 2011 WL 6130894, at *1 (E.D.Cal. Dec. 8, 2011), *quoting Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), *quoting* Fed.R.Civ.P. 16 advisory committee's note. Finally, while "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*., *citation omitted*. "If that party was not diligent, the inquiry should end." *Id*.

The parties assisted in creating a workable scheduling order and, it appears, worked together to obtain an extension of the deadlines. Counsel for Becker refers to only learning of the need to request discovery of undisclosed documents (and possible follow-up depositions) without specifying the type of information discovery will be sought. Parties are required to disclose, without awaiting a discovery request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed.R.Civ.P. 26(a)(1)(A)(ii). Considering the liberally applied good cause standard, the Court finds there is no basis to conclude the documents at issue would be solely used for impeachment. In light of that apparent lack of required disclosure, it appears counsel for Becker acted diligently. Further, the Court has no reason to not accept counsel's assertion that prior counsel unexpectedly left the firm. It also appears counsel for Becker diligently sought amendment of the scheduling order after learning on May 1, 2025, of the need to request discovery.

Additionally, EAC has not alleged, nor shown, it would be unfairly prejudiced by the requested extension. *See e.g., Lozano v. AT&T Wireless*, No. CV 02-90 AHS (AJWX), 2009 WL 10675797, at *2 (C.D. Cal. June 29, 2009) (party showed unfair prejudice by proposed extension because it would be required to search millions of customer records).

The Court finds good cause has been shown to grant, with modifications, the requested extensions.

Accordingly, IT IS ORDERED:

1. Becker's Motion to Extend Scheduling Order Deadlines (Doc. 37) is GRANTED.

2. The following deadlines are modified as follows:

    a. Discovery — August 18, 2025

    b. Dispositive Motions — October 3, 2025

    c. Joint Proposed Pretrial Order — November 7, 2025
       (If no dispositive motion is filed.)

3. All other provisions of the Court's Rule 16 Scheduling Order (Docs. 20 and 31) remain in full force and effect.

DATED this 22nd day of May, 2025.

_____
Cindy K. Jorgenson
United States District Judge